### LEHMAN v HARBERT

Ohio Appeals, 9th Dist, Lorain Co

No 672. Decided Oct 6, 1933

William D. Taylor, Elyria, and Anthony Nieding, Elyria, for plaintiff in error.

Baird & Vandermark, Elyria, for defendant in error.

### OPINION

STEVENS. J.

Three grounds of error are urged by counsel for plaintiff.

1. Error in overruling plaintiff's motion for a directed verdict at the conclusion of all of the evidence.

2. Error in the charge of the trial court.

3. Error in overruling plaintiff's motion for a new trial.

The first assignment of error is predicated upon the claim that no written notice of termination of said listing contract in conformity with the provisions of said contract was ever given by the defendant to the plaintiff, and that defendant's claim that notice of termination was orally given and acquiesced in by the plaintiff, is not established by clear and convincing proof, in accordance with the rule asserted to have been laid down by the Ohio Supreme Court in **Olinger v McGuffey, 55 Oh St 661.**

The record discloses that the above claim of the defendant was testified to only by the defendant, and that plaintiff denied said statement of the defendant. That situation, of course, presented a question of fact for determination by the jury, under proper instructions by the court, which instructions, including the degree of proof, are found to have been given; and the jury having resolved said question in favor of the defendant, we cannot say that their conclusion is manifestly against the weight of the evidence. Accordingly, the trial court did not err in refusing to direct a verdict in favor of plaintiff at the conclusion of all of the evidence.

The second assignment of error has to do with claimed errors in the charge of the trial court.

We have carefully examined all of the errors alleged to have been committed by the trial court in its charge, and it is our conclusion that, considering the charge in its entirety, no error prejudicial to defendant intervened by reason of the charge as given.

We further hold that the trial court did not err in overruling plaintiff's motion for a new trial.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.